**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ELDER GEOVANY MARQUEZ-REYES,

      Petitioner,

v.                                      No. 1:26-cv-01384-DHU-GJF

TODD M. LYONS, in his official capacity as
Acting Director, Immigration and Customs Enforcement,
U.S. Department of Homeland Security; JOEL GARCIA, in
his official capacity as Field Office Director of the ICE El Paso
Field Office of Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement, U.S. Department of
Homeland Security; MARKWAYNE MULLIN, in his official
capacity as Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, in his official capacity as Attorney General
of the United States; GEORGE DEDOS, in his official capacity
as Warden of the Torrance County Detention Facility,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Elder Geovany Marquez-Reyes' Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court GRANTS the Petition.

Petitioner is native and citizen of Honduras who entered the United States without inspection on April 17, 2019. *Id.* ¶ 17. After entering, Petitioner was subsequently detained by immigration officials, issued a Notice to Appear, which charged him as a noncitizen present in the United States without being admitted or paroled, and placed in removal proceedings. Doc. 1-2 at 1. Five days later, on April 22, 2019, Petitioner was released on an Order of Release on Recognizance. Doc. 1-3. Petitioner complied with every condition of his release, including attending immigration court hearings and Immigration and Customs Enforcement ("ICE") check-ins. Doc. 1 ¶ 18.

On November 21, 2023, the Department of Homeland Security ("DHS") dismissed Petitioner's proceedings in the exercise of prosecutorial discretion. *Id.* ¶ 20. Petitioner subsequently reported to ICE, who told him that he no longer needed to check in. *Id.*

On February 27, 2026, Petitioner was detained by ICE while on his way to work. Doc. 6 at 6-7. Petitioner was not provided with notice or a hearing before being re-detained. Doc. 1 ¶ 23. Petitioner was issued a Notice to Appear, which charges him as a noncitizen present in the United States without being admitted or paroled, and placed in removal proceedings. Doc. 1-5 at 1. He was subsequently transferred to the Torrance Detention Facility in Estancia, New Mexico, where he remains detained. Doc. 1 ¶ 23.

On May 3, 2026, Petitioner filed the instant Petition, where he, among other things, argues that his re-detention without notice and a pre-deprivation hearing violates his procedural due process rights. *Id.* ¶¶ 46-61. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody. *Id.* at 26.

On June 10, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO"). Doc. 10.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-

JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in April 2019, was detained within the United States, and was subsequently released on his own recognizance for almost seven years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order. Respondents may subject Petitioner to the same conditions of release as his original Order of Release on Recognizance, except for the condition of ICE check-ins, which DHS and ICE removed in 2023 and was, therefore, no longer a condition when Petitioner was re-detained in February 2026. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice

3

and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, June 29, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Respondents must promptly return Petitioner's personal property to him, specifically within thirty (30) days of this Order.

Finally, because this Court is granting Petitioner's Petition for Writ of Habeas Corpus and granting him relief in this Order, Petitioner's Motion for TRO (Doc. 10) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE